UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY P. RUJAN,

    Plaintiff,                                          Case No. 2:20-cv-12398

v.                                                  Hon. Thomas L. Ludington

SCHEURER HOSPITAL,

    Defendant.

---

| **THE MASTROMARCO FIRM** | **MCDONALD HOPKINS PLC** |
|---|---|
| Victor J. Mastromarco, Jr. (P34564) | David W. Schelberg (P76492) |
| Kevin L. Kula (P81913) | 39533 Woodward Avenue, Suite 318 |
| 1024 N. Michigan Avenue | Bloomfield Hills, MI 48304 |
| Saginaw, MI 48602 | (248) 646-5070 |
| (989) 752-1414 | dschelberg@mcdonaldhopkins.com |
| vmastromar@mastromarcofirm.com | *Attorneys for Defendant* |
| kkula@mastromarcofirm.com | |
| *Attorneys for Plaintiff* | |

---

## **NOTICE OF SETTLEMENT**

      The parties, through their respective counsel, notify the Court that they have reached agreement on settlement in this matter. In accordance with the Fair Labor Standards Act ("FLSA"), attached to this Notice is a copy of the parties' settlement agreement for the Court's review and approval. (Exhibit 1, Settlement Agreement).

{9266450: }                                                             1

Concurrently with the Notice the parties are submitting to the Court a Stipulated Order for Approval of Settlement Agreement.

Dated: December 11, 2020

Respectfully submitted:

| **THE MASTROMARCO FIRM** | **MCDONALD HOPKINS PLC** |
|---|---|
| */s/ Victor J. Mastromarco, Jr.* (w/permission)<br>Victor J. Mastromarco, Jr. (P34564)<br>Kevin L. Kula (P81913)<br>1024 N. Michigan Avenue<br>Saginaw, MI 48602<br>(989) 752-1414<br>vmastromar@mastromarcofirm.com<br>kkula@mastromarcofirm.com<br>***Attorneys for Plaintiff*** | */s/ David W. Schelberg*<br>David W. Schelberg (P76492)<br>39533 Woodward Ave., Suite 318<br>Bloomfield Hills, MI 48304<br>(248) 646-5070<br>dschelberg@mcdonaldhopkins.com<br>***Attorneys for Defendant*** |

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2020, I electronically filed the foregoing document using the Electronic Filing System which will send notification of such filing to all attorneys of record.

By: /s/David W. Schelberg
David W. Schelberg (P76492)

# EXHIBIT 1

**CONFIDENTIAL SETTLEMENT AGREEMENT
AND RELEASE OF ALL CLAIMS**

This Confidential Settlement Agreement and Release of All Claims (the "Agreement" or "Settlement Agreement") is between Plaintiff Timothy P. Rujan ("Plaintiff") and Scheurer Hospital ("Scheurer" or "Defendant").

WHEREAS, Plaintiff filed a lawsuit in the United States District Court for the Eastern District of Michigan against Defendant alleging violations of the Fair Labor Standards Act ("FLSA") (the "Lawsuit").

WHEREAS, Plaintiff and Defendant have mutually and voluntarily agreed to resolve their dispute and any other disputes they may have.

NOW, THEREFORE, in sole consideration for the promises and covenants set forth herein, Plaintiff and Defendant agree as follows:

1. In consideration of his release of the claims described in Paragraph 2, below, Defendant shall pay Plaintiff and his attorneys, the Mastromarco Firm, a total of **One Hundred and Twenty Five Thousand and 00/100 ($125,000.00) Dollars**. Defendant shall cause to be issued three checks as follows:

   a. The first check will be made payable to "Timothy Rujan" in the amount of **$50,000.00**, less applicable state and federal taxes and other applicable withholdings. Defendant will report this amount on a Form W-2.

   b. The second check will be made payable to "Timothy Rujan" in the amount of **$50,000.00**. These funds are for liquidated damages will not be subject to tax withholdings and will be reported on a Form 1099.

   c. The third check will be made payable to "the Mastromarco Firm" in the amount of **$25,000.00**, for attorneys' fees and costs. These funds will not be subject to tax withholdings and will be reported on a Form 1099.

{9237874: }

Defendant shall deliver the settlement checks described above, to Plaintiff's attorney within thirty (30) days of the Effective Date of this Agreement (as defined in Paragraph 14 below) and Defendant's counsel's receipt of executed W-9 forms for Plaintiff and his attorney.

2. Plaintiff Timothy Rujan, for himself and each of his predecessors, successors, heirs, assigns, executors, administrators, attorneys or any other representatives, hereby releases and forever discharges Defendant Scheuer Hospital; all of its current and former owners, members, shareholders, corporate parents, subsidiaries, divisions, affiliates and related entities; and the directors, officers, employees, agents, assigns, heirs, successors, executors, attorneys, administrators, insurers, or re-insurers, of each of the foregoing (hereinafter, the "Released Parties"), from any and all claims arising in law or equity, which are known or unknown, which he has, had, or might have, and/or which arise directly or indirectly from events or circumstances existing as of the date of the parties' execution of this Agreement. Plaintiff's full and complete release includes, but is not limited to, all claims for unpaid and/or owed wages and other compensation and/or remuneration, all claims of retaliation, discrimination, and/or harassment including without limitation to any and all claims made under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 *et seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12101, *et seq.*, the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL 37.1101, *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601, *et seq*., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Older Workers Benefits Protections Act ("OWBPA"), 29 U.S.C. § 626, *et seq.*, the Michigan Whistleblowers' Protection Act ("WPA"),

{9237874: }

MCL 15.361, *et seq.*, breach of contract claims, violation of the Michigan Workers' Disability Compensation Act of 1969, MCL 418.101, *et seq.*, constitutional violations, suits, demands, rights, causes of action, judgments, executions, damages, liabilities, costs or expenses (including attorneys' fees or court costs). Plaintiff agrees that this provision is intended as a complete, full and final release of any and all claims he may have against Defendant and the Released Parties through the date of Plaintiff's execution of this Agreement.

      3. Plaintiff acknowledges that Defendant will issue Form 1099(s) for the settlement checks referenced in Paragraphs 1(b) and 1(c) above. Plaintiff acknowledges and represents that neither Defendant nor counsel for Defendant have made any representations regarding the tax treatment of this settlement payment. Plaintiff shall be solely responsible for the payment of any taxes or other amounts which may arise from the lump sum payment(s) made to him and his counsel and shall comply with all reasonable requests made by Defendant for taxing information and the completion of necessary tax forms. Plaintiff shall indemnify and hold Defendant and the Released Parties harmless from any and all liabilities or claims that may be brought against Defendant and/or the Released Parties regarding taxes or withholdings due to any governmental entity, including any interest or penalties, based upon the consideration given Plaintiff and his counsel in the settlement payment. Plaintiff understands that Defendant and the Released Parties are not responsible for any taxes that may be assessed as a result of his receipt of the settlement payment to Plaintiff and his counsel and that any division of the proceeds between Plaintiff and his counsel in no way affects the validity of this Agreement or any of its covenants.

      4. After signing this Agreement, the parties will submit a Stipulated Order for Approval of Settlement Agreement to the Court, attached hereto as **Exhibit A**. The parties

{9237874: }

3

acknowledge that this Agreement is not enforceable until the Court approves this Agreement and enters the Stipulated Order for Approval of Settlement Agreement.

5. By signing this Agreement, Plaintiff consents to the stipulated order to dismiss the Lawsuit with prejudice and without costs to any party, attached hereto as **Exhibit B**, and agrees that Defendant's counsel will submit same to the Court upon both of the following conditions being satisfied: (i) the Court's approval of this Agreement and entry of the Stipulated Order for Approval of Settlement Agreement (attached hereto as Exhibit A); and (ii) Plaintiff's attorney's receipt of the settlement funds.

6. Plaintiff agrees not to initiate any legal or court proceedings relating to any matter released in this Agreement. Plaintiff further agrees to pay the costs and fees, including reasonable attorneys' fees, incurred by Defendant or any Released Party to enforce Plaintiff's promise not to initiate any legal or court proceedings relating to any mater released by Plaintiff under this Agreement, in the event that Plaintiff violates said provision.

7. Plaintiff acknowledges and recognizes that he is not now and will not ever in the future be eligible for re-employment with or by Defendant, based on receipt of the consideration set forth herein and pursuant to the terms and conditions of this Agreement. If Plaintiff seeks re-employment, consulting, or other status with or by Defendant, this Agreement shall be grounds for denying such application. In the event that Plaintiff intentionally or inadvertently obtains re-employment with or by Defendant, Plaintiff agrees that this Agreement constitutes justification for discharge or separation from such employment without regard to the satisfactory level of his performance or the duration of any such employment.

8. The parties expressly acknowledge that the consideration for this Agreement reflects a compromise of disputed claims; that this consideration is not to be construed as an admission of liability, which is expressly denied by Defendant; and that said consideration is intended merely to avoid further litigation with respect to said claims.

9. The parties acknowledge that the promises and covenants contained in this Agreement are the sole and total agreement of the parties; that there are no covenants, promises, agreements or representations other than as contained in this Agreement; and that in accepting the terms of this Agreement, Plaintiff has not relied upon any promises, covenants, agreements or representations other than as expressed in this Agreement.

10. The parties agree that the terms of this Agreement cannot be changed, altered, modified, amended or added to except in a writing that specifically refers to this Agreement and which is signed by the parties. Any purported changes, alterations, modifications, amendments, or additions to this Agreement that do not precisely fulfill this requirement are not valid. The parties expressly waive application of any local, state, federal, or foreign law, statute or judicial decision allowing verbal modifications, amendments, or additions to a contract notwithstanding an express provision requiring a writing signed by the parties.

11. Plaintiff agrees, promises, and covenants that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed except as provided herein. Without the express written agreement of Defendant or unless required to do so by law, Plaintiff agrees never to disclose the facts, terms, or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to his immediate family, attorneys, personal accountants, or personal tax preparers. To the extent

{9237874: }

required by law or applicable regulation, Plaintiff may also disclose the provisions of this Agreement to the appropriate taxing authorities. Plaintiff agrees that if questioned about this settlement, the disposition of his claims, or any other information made confidential by this provision, he may state that the matter has been "resolved," but shall not further characterize the terms of the settlement.

12. Plaintiff agrees not to disparage Defendant, its employees, owners, shareholders, officers, directors, and/or members of management. Nothing in this Agreement prohibits Plaintiff from giving truthful and accurate statements, as may be required by law

13. This Agreement may be signed in counterparts and may be transmitted by electronic means, which shall have the same force and effect as an original signature.

14. This Agreement shall become immediately effective when the following conditions are met: (i) this Agreement is executed by the parties; and (ii) the Court approves this Agreement enters the Stipulated Order for Approval of Settlement Agreement (attached hereto as Exhibit A) (the "Effective Date"). Under any and all circumstances the effectiveness and Effective Date of this Agreement is subject to the revocation period described in Paragraph 16, below.

15. The parties agree that this Agreement is enforceable in a court of law. The parties acknowledge that this Agreement constitutes a complete accord with respect to all claims, demands or causes of action that have been released by this Agreement, and that the parties' sole remedy for breach of this Agreement is specific enforcement of its terms.

16. Plaintiff acknowledges and agrees that his voluntary waiver of any and all rights and claims that he may have, includes claims arising under the Age Discrimination in Employment Act. Plaintiff has waived rights or claims pursuant to Paragraph 2 above, in exchange for

{9237874: }

consideration, the value of which exceeds payment and remuneration to which he was entitled. Plaintiff understands that he has been allowed a period of at least twenty-one (21) days to consider the terms of Paragraph 2, above, and in the event he decides to execute this Agreement in fewer than twenty-one (21) days, he has done so with the express understanding that he has been given and declined the opportunity to consider the terms for a full twenty-one (21) days. Plaintiff also understands that he may revoke the release contained in Paragraph 2 (regarding claims under the ADEA only) at any time during the seven (7) days following the date that he sign this Agreement, and the release contained in Paragraph 2 regarding claims under the ADEA shall not become effective or enforceable until such revocation period has expired. Plaintiff understands that no changes to this Agreement, material or immaterial, will restart the twenty-one (21) days consideration period. Plaintiff understands that if he chooses to revoke the release contained in Paragraph 2 related to the ADEA that he will not be entitled to any of the settlement funds described in Paragraph 1. A revocation of this Agreement must be in writing and either postmarked and addressed to Defendant or hand-delivered to Defendant, via its counsel, McDonald Hopkins PLC, 39533 Woodward Avenue, Suite 318, Bloomfield Hills, Michigan 48304, Attention: David W. Schelberg, within seven (7) calendar days after Plaintiff signs this Agreement. Plaintiff agrees that if a revocation is made by mail, a mailing by certified mail, return receipt requested, is required to show proof of mailing.

17. The parties agree that this Agreement is to be construed in accordance with the laws of the State of Michigan.

18. If any court shall determine that any provision herein is unenforceable, the parties agree that any such provision, or part thereof, shall be reformed and construed consistent with the

{9237874: }

apparent purpose of the provision in order to avoid its unenforceability, or, in the event that reformation is not possible, the provision shall be severed and all remaining provisions shall remain in full force and effect.

19. Plaintiff relies upon his own judgment and the advice of his attorney in reviewing and signing this Agreement. Plaintiff has carefully read this Agreement in its entirety and voluntarily and willingly signs same as his free act.

20. **THE PARTIES CERTIFY THAT THEY HAVE READ ALL OF THIS AGREEMENT AND FULLY UNDERSTAND ALL OF THE TERMS AND HAVE SIGNED THIS AGREEMENT VOLUNTARILY.**

By: _____  12/08/2020
Timothy P. Rujan                      Date

Scheurer Hospital

By: _____  12/09/2020
                                      Date

Its: President/CEO

{9237874: }

# **Exhibit A**

{9237874: }

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY P. RUJAN,

    Plaintiff,

v.

SCHEURER HOSPITAL,

    Defendant.

Case No. 2:20-cv-12398

Hon. Thomas L. Ludington

| **THE MASTROMARCO FIRM** | **MCDONALD HOPKINS PLC** |
|---|---|
| Victor J. Mastromarco, Jr. (P34564) | Miriam L. Rosen (P40503) |
| Kevin L. Kula (P81913) | David W. Schelberg (P76492) |
| 1024 N. Michigan Avenue | 39533 Woodward Avenue, Suite 318 |
| Saginaw, MI 48602 | Bloomfield Hills, MI 48304 |
| (989) 752-1414 | (248) 646-5070 |
| vmastromar@mastromarcofirm.com | mrosen@mcdonaldhopkins.com |
| kkula@mastromarcofirm.com | dschelberg@mcdonaldhopkins.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## STIPULATED ORDER FOR APPROVAL OF SETTLEMENT AGREEMENT

The parties, through their respective counsel, state as follows in support of their stipulated request to this Court to approve the parties' settlement agreement:

WHEREAS, Plaintiff brought this action against Defendant alleging that it violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

{9237874: }

WHEREAS, the parties have engaged in extensive negotiations before agreeing upon a settlement amount and the material settlement terms.

WHEREAS, the parties have executed a Confidential Settlement Agreement and Release of All Claims (the "Settlement Agreement").

WHEREAS, judicial approval of the parties' Settlement Agreement related to Plaintiff's claims under the FLSA is necessary in order for it to be enforceable. *See Lynn's Food Stores v. U.S.*, 679 F.2d 1350 (11th Cir. 1982); *see also Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015).

WHEREAS, a copy of the Settlement Agreement is attached to this Stipulated Order as Exhibit 1, for the Court's review.

WHEREAS, the parties' Settlement Agreement represents a reasonable compromise of disputed claims related to Plaintiff's allegations of unpaid overtime. The parties recognize that resolution of the disputed claims in this case would otherwise require protracted litigation – including extensive factual discovery.

WHEREAS, the Settlement Agreement was negotiated on behalf of the parties by counsel experienced in FLSA claims. The Settlement Agreement fairly and reasonably comprises each party's interests, benefits, and rights. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354. In particular, the parties acknowledge that the

{9237874: }

resolution set forth in the Settlement Agreement fairly and reasonably accounts for the damages sought by Plaintiff in this case.

The Court, after having conducted review of the confidential Settlement Agreement and being satisfied that it is a fair and reasonable settlement of disputed claims, and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that the Settlement Agreement be and is approved, as submitted.

IT IS SO ORDERED.

_____
Hon. Thomas L. Ludington
United States District Court Judge

Dated:

Stipulated and agreed to as content:

/s/ *Victor J. Mastromarco, Jr.* (w/permission)
**THE MASTROMARCO FIRM**
Victor J. Mastromarco, Jr. (P34564)
Kevin L. Kula (P81913)
*Attorneys for Plaintiff*

/s/ *David W. Schelberg*
**MCDONALD HOPKINS PLC**
Miriam L. Rosen (P40503)
David W. Schelberg (P76492)
*Attorneys for Defendant*

{9237874: }

# **<u>Exhibit B</u>**

{9237874: }

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY P. RUJAN,

    Plaintiff,

v.

SCHEURER HOSPITAL,

    Defendant.

Case No. 2:20-cv-12398

Hon. Thomas L. Ludington

| **THE MASTROMARCO FIRM** | **MCDONALD HOPKINS PLC** |
|---|---|
| Victor J. Mastromarco, Jr. (P34564) | Miriam L. Rosen (P40503) |
| Kevin L. Kula (P81913) | David W. Schelberg (P76492) |
| 1024 N. Michigan Avenue | 39533 Woodward Avenue, Suite 318 |
| Saginaw, MI 48602 | Bloomfield Hills, MI 48304 |
| (989) 752-1414 | (248) 646-5070 |
| vmastromar@mastromarcofirm.com | mrosen@mcdonaldhopkins.com |
| kkula@mastromarcofirm.com | dschelberg@mcdonaldhopkins.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## STIPULATED ORDER OF DISMISSAL WITH PREJUDICE AND WITHOUT COSTS OR ATTORNEYS' FEES TO ANY PARTY

    WHEREAS, the parties hereby stipulate to dismiss this action, with prejudice, all parties to bear their own costs, interest, and attorneys' fees, and the Court being otherwise fully advised in the premises;

{9237874: }

      IT IS HEREBY ORDERED that the above-captioned case be and is dismissed with prejudice and without costs, interest, and attorneys' fees to any party.

    IT IS SO ORDERED.

    This Order disposes of the last pending claim and closes the case.

                                          _____
                                          Hon. Thomas L. Ludington
                                          United States District Court Judge

Dated:

Stipulated and agreed to as content:

| */s/ Victor J. Mastromarco, Jr.* (w/permission) | */s/ David W. Schelberg* |
|---|---|
| **THE MASTROMARCO FIRM** | **MCDONALD HOPKINS PLC** |
| Victor J. Mastromarco, Jr. (P34564) | Miriam L. Rosen (P40503) |
| Kevin L. Kula (P81913) | David W. Schelberg (P76492) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

{9237874: }